AO 247 (02/08) Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
## for the
### Middle District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| MOSI SUDI WILLIAMS ) | Case No: 1:01CR152-1 |
| ) | USM No: 20647-057 |
| Date of Previous Judgment: September 20, 2001 ) | Thomas N. Cochran, Assistant Federal Public Defender |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

*FILED JUN 27 2008*

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:

☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

Previous Offense Level: _____   Amended Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____   Amended Guideline Range: _____

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

**III. ADDITIONAL COMMENTS**

Based on the Presentence Report, which was adopted by the Court at sentencing, Mr. Williams was convicted of Possession With Intent to Distribute Methamphetamine, and for the purposes of guideline calculation was held accountable for 1,470 grams of methamphetamine but no quantities of cocaine base ("crack"). The amendments to Guideline 2D1.1 affect the calculation of the base offense level only where the base offense level was based on quantities of cocaine base ("crack"), and the amendments do not affect the calculation of the base offense level for a defendant who was held accountable only for methamphetamine. Therefore, Defendant's base offense level would not change under the amended crack cocaine Guideline. Defendant's Motion will therefore be DENIED. The determination that the defendant is ineligible for a reduction is made with the consent of the Government and the defendant.

All provisions of the judgment dated September 20, 2001, shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 6\27\2008

Effective Date: 7\07\2008
(if different from order date)

James A. Beaty, Jr., Chief United States District Judge
Printed name and title